

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 21, 1971

Hon. O. N. Humphreys, Jr.
Administrator, Texas Alcoholic
   Beverage Commission
P. O. Box 13127, Capitol Station
Austin, Texas 78711

Opinion No. M-1015

Re: Whether a private
club permittee lo-
cated in a dry area,
which private club
also holds a beverage
cartage permit, may
purchase beer from a
beer distributor of
the type provided for
in Article 667-3, (b),
(c), and (d), V.P.C.,
at the premises of
such distributor and
transport such beer to
its own premises.

Dear Mr. Humphreys:

     Your opinion request dated August 27, 1971, has been received and considered by this department. We quote from your letter as follows:

> "May the holder of a Private Club Reg-
> istration Permit issued for a premises lo-
> cated in a dry area, who also holds a
> Beverage Cartage Permit, purchase beer from
> a beer distributor of the type provided for
> in Article 667-3, (b), (c), and (d), V.P.C.,
> at the premises of such distributor and
> transport such beer to its own premises."

     We conclude that the question must be answered in the affirmative.

     Several portions of the Texas Liquor Control Act must be considered. The one which has given us the most concern was enacted by the last Texas Legislature (Acts 62nd Leg., R.S., 1971, Ch. 65, p. 681, Sec. 15, at p. 692-3, codified by Vernon as Article 666-20(e), V.P.C.).*

*All Articles mentioned are from Vernon's Penal Code.

-4949-

"All distilled spirits sold by a Mixed Beverage Permittee or a Private Club Permittee must be purchased in this State from a holder of a Local Distributor's Permit. No local distributor may sell distilled spirits to a Mixed Beverage Permittee or a Private Club Permittee in individual containers containing less than one fluid ounce. No local distributors may deliver less than two and four-tenths gallons of distilled spirits in a single shipment.

"The Commission or Administrator is authorized to issue Local Distributor's Permits only to holders of Package Store Permits issued under the terms of Section 15(8) of Article I of the Texas Liquor Control Act. A Local Distributor's Permit shall authorize the holder thereof to purchase distilled spirits or liquor from holders of Wholesaler's Permits issued under the terms of Section 15(6) of Article I of the Texas Liquor Control Act only, and to sell and distribute to Mixed Beverage Permittees or Private Club Permittees such brands of distilled spirits, liquor, and other alcoholic beverages as are for general distribution and are available from the wholesaler to all local distributors. The fee for a Local Distributor's Permit shall be in the amount of Fifty Dollars ($50) and shall be paid in addition to, and under the same conditions as, the fee paid for the holder's Package Store Permit. Any holder or any agent of a holder of a Wholesaler's Permit issued under the terms of Section 15(6) of this Article I may enter the licensed premises of a Mixed Beverage Permittee or a Private Club Permittee for the purpose of determining the brands offered for sale and suggesting or promoting to the extent authorized by Section 17 (3)(g) of this Article I, the sale of other brands; provided, however, that no holder and no agent of a holder of a Section 15(6) Wholesaler's Permit shall be authorized to accept a direct order from a Mixed Beverage Permittee other than a direct order for wine or malt liquor.

"No holder of a Nonresident Seller's Permit or a Manufacturer's Agent's Permit issued under Section 15-1/2 of this Article I, shall, unless accompanied by the holder or the agent of a holder of a Wholesaler's Permit, solicit any business, directly or indirectly, from a Mixed Beverage Permittee or a Private Club Permittee.

"Where a Mixed Beverage Permittee or a Private Club Permittee is in an area where there are no local distributors, the holder of a Mixed Beverage Permit or a Private Club Permit shall be empowered to purchase alcoholic beverages in the nearest area where local distributors are located and transport same to the premises of the Mixed Beverage Permittee or Club; provided the permittee transporting such alcoholic beverages is also a holder of a Beverage Cartage Permit, and provided that such transporter shall acquire such alcoholic beverages only on the written order from the holder of a Mixed Beverage Permit or officer or manager of the Club and any such alcoholic beverages must be accompanied by a written statement furnished and signed by a local distributor, showing the name and address of the consignee and consignor, the origin and destination of such shipment, and such other information as may be required by the Commission or Administrator; and it shall be the duty of the person in charge of such alcoholic beverages while they are being so transported to exhibit such written statement to any representative of the Commission or any peace officer making demand therefor, and such statement shall be accepted by such representative or officer as prima facie evidence of the lawful right to transport such alcoholic beverages.

"The Commission is hereby authorized to issue a Beverage Cartage Permit to the holder of a Mixed Beverage Permit or a Private Club Permit to transport alcoholic beverages to the licensed premise from the place of purchase.

The holder of a Beverage Cartage Permit shall
be privileged to transfer alcoholic beverages
as herein provided.  The annual State fee for
a Beverage Cartage Permit shall be Ten Dollars
($10)."

The Local Distributor's Permit is new to the Texas
Liquor Control Act and appears for the first time in the Section
above quoted adopted by the 62nd Legislature.  This permit may
issue only to Package Store Permit holders as authorized by
Article 666-15(8), which reads as follows:

"Package Store Permit.  A Package Store
Permit shall authorize the holder thereof to:
(a).  Purchase liquor from the holders
in this State of Class A Winery, Class B Winery,
Wholesaler's, Class B Wholesaler's and Wine
Bottler's Permits;
(b).  Sell liquor on or from licensed
premises at retail to consumer for off-premises
consumption only and not for the purpose of
resale, in unbroken original containers only;
(c).  Sell malt and vinous liquors in
original containers of not less than six (6)
ounces;
(d).  Sell vinous liquors, but in quanti-
ties of not more than five (5) gallons in
original containers in any single transaction.
(e).  Any person holding more than one
Package Store Permit may designate one of the
licensed premises as the place for storage of
liquor, and he shall be privileged to transfer
liquor to and from such storage to and from
his other licensed premises under such rules
and regulations as may be prescribed by the
Commission.

"The annual State fee for a Package Store
Permit in cities and towns shall be based upon
the population according to the last preceding
Federal Census as follows:

| Population | Fee |
|---|---|
| 25,000 or less . . . . | $125.00 |
| 25,001 to 75,000 . . . | 175.00 |
| 75,001 or more . . . . | 250.00 |

> "The annual State fee for a Package Store
> Permit outside of cities and towns shall be
> One Hundred and Twenty-five Dollars ($125),
> except the annual State fee for a Package Store
> Permit outside of any incorporated city or town
> and within two (2) miles of the corporate limits
> shall be the same as the fee required in said
> incorporated city or town."

It will be noted that the foregoing quoted portion of the statute does not authorize the sale of beer at retail for off-premise consumption. For a Package Store Permit holder to be legally authorized to sell beer, he must also have a Retail Dealer's Off-Premise License. Article 667-3(f) provides as follows:

> "Retail Dealer's Off-Premise License.
> A Retail Dealer's Off-Premise License shall
> authorize the holder thereof to sell beer in
> a lawful container direct to the consumer,
> but not for resale and not to be opened or
> consumed on or near the premise where sold.
> Annual State fee for a Retail Dealer's Off-
> Premise License shall be Ten Dollars ($10)."

A General Distributor's License, a Local Distributor's License and a Branch Distributor's License are defined in the following subsections of Article 667-3:

> "(b) General Distributor's License.
> A general distributor's license shall authorize
> the holder thereof to distribute or to sell
> beer to other general distributors, branch dis-
> tributors, local distributors, retail dealers,
> ultimate consumers and others only in the un-
> broken original packages in which it is re-
> ceived by him from the manufacturer, general
> distributor, local distributor, or branch dis-
> tributor and to serve free beer for consumption
> or the licensed premises. Annual state fee for
> a general distributor's license shall be Two
> Hundred Dollars ($200.00).

> "(c) Local Distributor's License. A
> local distributor's license shall authorize
> the holder thereof to serve free beer for
> consumption on the licensed premises, and to
> sell and distribute beer to retail dealers
> and ultimate consumers in the county of his

residence only in the unbroken original
packages in which it is received by him
from the manufacturer, general distributor,
branch distributor, or another local distri-
butor, and to sell and deliver beer to any
other distributors licensed in this state
to sell beer.  Annual state fee for a local
distributor's license shall be Fifty Dollars
($50.00).

"(d)   Branch Distributor's License.
The holder of a Manufacturer's or General
Distributor's License after obtaining the
· primary license in the county of his domi-
cile or residence, may establish other
places of business in any county wherein
the sale of beer is legal for the distri-
bution of beer upon obtaining a Branch Dis-
tributor's License for each such place of
business as herein provided, and such Branch
Distributor may serve free beer for consump-
tion on the licensed premises.  . . ."

The word "beer" is nowhere used in Article 666-20(e).
The first paragraph of this Section 20(e) requires that all dis-
tilled spirits sold by a Private Club permittee must be purchased
from the holder of a Local Distributor's Permit.  There are no
other words of command or prohibition with regard to the purchase
of alcoholic beverages throughout the remainder of this Section.
The language in its fourth paragraph which may tend to contain
words of command or prohibition are as follows:

"Where a Mixed Beverage Permittee or a
Private Club Permittee is in an area where
there are no local distributors, the holder
of a Mixed Beverage Permit or a Private Club
Permit shall be empowered to purchase alco-
holic beverages in the nearest area where
local distributors are located. . ."

The question in the instant request relates only to
private clubs operating in a county in which a portion thereof
is at least wet for the sale of beer.  In counties that are com-
pletely dry private clubs must operate under what is known as the
"Locker System", a system which requires that each individual mem-
ber purchase his own liquor and beer and transport it to the club

for storage in an individual locker provided by the club. The "Locker System" and "Pool System" are defined in Article 666-15(e), Section 1 as follows:

> " 'Locker System' shall mean that system of alcoholic beverages storage whereby the club rents to its members lockers wherein the member may store alcoholic beverages for consumption by himself or his guests. All such alcoholic beverages so stored under the 'locker system' shall be purchased and owned by the member as an individual.

> " 'Pool System' shall mean that system of liquor storage where all members of the pool participate equally in the purchase of all alcoholic beverages and the replacement of all alcoholic beverages is paid for by moneys assessed and collected in advance from each member equally. Such pool system shall be legal only in an area which has been voted 'wet' for alcoholic beverages by the majority of voters at an election held under local option."

\*　　　\*　　　\*　　　\*　　　\*　　　\*

> "(c-2) Notwithstanding any other provision of this Section 15 e), the pool system shall be legal for any private club operating in any county where the sale of any alcoholic beverage has been legalized, either throughout the entire county or any portion of such county."

From the foregoing definitions it can be seen that, in the case of a private club operating under the "Locker System" it is not permissible to have the beer and liquor transported to the club by an agent of the members. Article 666-4(b) prohibits the transportation of liquor or beer in a dry area except by a person who has purchased the same for his own consumption at a place where the sale thereof was legal and transported the same to a place where the possession thereof was legal.

While the language of Article 666-20(e) leaves a great deal to be desired in clarity of expression, there is no indication that the Legislature intended to restrict the sources of purchase of beer by private club permittees. If such an intention

had been desired, the first three words of Article 666-20(e) could just as easily have been changed to read "all alcoholic beverages". Such language would then clearly have indicated that the Legislature intended that such private club permittees purchase their beer from holders of a "Local Distributor's Permit". Since the Legislature did not impose any such restriction in this new statute and since the Legislature did not change the authority of a holder of a General Distributor's License, a Local Distributor's License or a Branch Distributor's License defined in Article 667-3 it can only be concluded that the Legislature did not intend to limit the sources of supply for beer as they did with distilled spirits. The Language of the fourth paragraph of Article 666-20(e), then, can only be viewed as dealing with transportation and not with the sources of supply for the purchase of beer.

## S U M M A R Y

A Private Club Permittee operating under the "Pool System" in a dry area may purchase beer from the holder of a General Distributor's License, Local Distributor's License, or Branch Distributor's License at the place of business of such distributor and transport the same to the private club provided (1) that such club is the holder of a Beverage Cartage Permit, (2) that such beer is acquired only on the written order of an officer or manager of the club, and (3) that during the transportation thereof such beer is accompanied by a written statement furnished and signed by the distributor selling such beer.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Max P. Flusche, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns, Taylor, Chairman
W. E. Allen, Co-Chairman

Hon. O. N. Humphreys, page 9.     (M-1015)


Larry Craddock
Howard Fender
S. J. Aronson
James Mabry

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant